UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SEBASTIAN FILGUEIRA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> U.S BANK NATIONAL ASSOCIATION § <br> AS TRUSTEE FOR REDISENTIAL § <br> FUNDING MORTGAGE SECURITIES § <br> INC. 2006S9 and GMAC MORTGAGE § <br> LLC F/K/A GMAC MORTGAGE § <br> CORPORATION, § <br> § <br> Defendants. | CIVIL ACTION NO. 4:12-cv-00962 |

## MEMORANDUM AND ORDER

Before the Court is the Motion to Dismiss pursuant to Rule 12(c) filed by Defendants, U.S. Bank National Association ("US Bank") and GMAC Mortgage Corporation ("GMAC"). This case has been transferred to this Court by the consent of the parties pursuant to 28 U.S.C. § 636(c). US Bank and GMAC ask this Court to dismiss the Original Petition filed by Plaintiff, Sebastian Filgueira ("Filgueira). Having considered pleadings at issue, the briefing submitted, the applicable legal authorities and all matters of record, the Court **GRANTS** the Defendants' Motion to Dismiss under Rule 12(c).

## BACKGROUND

On August 16, 2006, Filgueira took out a mortgage loan in the amount of $464,000 (the "Loan") to purchase property located at 1335 Winrock Boulevard, Houston, Texas 77057 (the "Property").[1] The Loan was secured by a Deed of Trust lien filed in the records of Harris County, Texas. Homecomings Financial Network ("HFN") was the original holder of the note.[2] HFN then assigned the deed of trust to US Bank, and that assignment was also filed in the records of Harris County.[3] Filgueira's Complaint alleges that HFN never informed him that it transferred ownership of the note. Accordingly, Filgueira challenges U.S. Bank's standing to foreclose on the property.[4]

In 2011, Filgueira fell behind in his mortgage payments. GMAC sent three separate delinquency notices by certified mail to Filgueira on April 11, May 2, and June 6 of 2011.[5] The notices detailed Filgueira's delinquency; provided information for loan modification or repayment; and warned of the risk of acceleration and foreclosure, should the amount needed to cure the default not be received within 30 days.[6] Filgueira alleges in his Complaint that he made several attempts to request information on the Loan from GMAC, and that he never received any notice from either Defendant of their intent to accelerate the note with an opportunity to contest the delinquency.[7] GMAC sent a notice of acceleration of maturity to Filgueira on January 3, 2012, which included information

---

[1] Dkt. 1, p. 8, ¶6.
[2] Dkt. 7-1, p.4.
[3] Dkt. 1-5, p. 2.
[4] Dkt. 1-4, p. 9, ¶9.
[5] Dkt. 7-5-7.
[6] *Id.*
[7] Dkt. 1-4, p. 10, ¶11-14.

on his opportunity to reinstate the Loan and the procedures available to dispute the debt.[8] The acceleration notice informed Filgueira that the legal holder of the note had accelerated the maturity date of the note, thus the entire unpaid principal balance of the Note was due.[9] Furthermore Filgueira was notified that "pursuant to Section 51.002 of the Texas Property Code, a Notice of Substitute Trustee's Sale (the "Notice") will be posted at the courthouse door … and a copy of the Notice will be filed in the office of the County Clerk of Harris County."[10] Without any documentation of Filgueira writing to dispute the debt, or attempt to pay the amount required to cure the existing defaults and reinstate loan, the foreclosure sale was set for February 7, 2012.

On February 6, 2012—the day before the foreclosure sale was to take place—Filgueira filed his Original Complaint, application for temporary restraining order, and request for injunctive relief in the 333rd Judicial District Court of Harris County, Texas.[11] The temporary restraining order was granted,[12] and subsequently extended.[13] U.S. Bank and GMAC then removed the suit to the Southern District of Texas.[14]

In his Complaint, Filgueira asserts a claim for wrongful foreclosure and a request for injunctive relief.[15] Filgueira requests a "reinstatement" of his mortgage loan, and challenges whether U.S. Bank holds the note at issue.[16] US Bank and GMAC removed

---

[8] Dkt. 7-4.
[9] Dkt. 7-4, p. 3.
[10] Dkt. 7-4, p. 3.
[11] Dkt. 1-4.
[12] Dkt. 1-4, p. 15.
[13] Dkt. 1-4, p.19.
[14] Dkt. 1.
[15] Dkt. 1-4.
[16] Dkt. 1-4.

this lawsuit to federal court on March 29, 2012,[17] and subsequently filed a motion for judgment on the pleadings under Rule 12(c).[18] The hearing for Defendants' motion to dismiss was set for August 23, 2012. Prior to the hearing, Filgueira's counsel sought and was granted permission to withdraw, and Filgueira—a licensed attorney himself—thereafter appeared pro se.[19] In light of his counsel's withdrawal, the Court granted a continuance to allow Filgueira time to prepare a response to Defendants' motion and prepare for the hearing. Filgueira filed his Response on September 21, 2012,[20] and the hearing took place on October 10, 2012.

## ANALYSIS

### I. Dismissal under Rule 12(c)

A motion for judgment on the pleadings under Rule 12 (c) should be granted only "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 303, 312 (5th Cir. 2002) (quoting *Herbert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)). The standard of review applied to a motion filed under Rule 12(c) is the same as the standard used under Rule 12(b)(6) for failure to state a claim. *See Doe v. MySpace, Inc*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion for failure to state a claim, a complaint "must contain … a short and plain statement … showing that the

---

[17] Dkt. 4.
[18] Dkt. 7, p. 1.
[19] Dkt. 16, 18 and 20.
[20] Dkt. 22.

4

pleader is entitled to the relief," so that the defendant has "fair notice of what the ... claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009).

When reviewing either a 12(b)(6) motion or a motion under 12(c), the complaint should be read in the light most favorable to the nonmoving party, and all factual allegations in the complaint must be taken as true. *Bell Atl. v. Twombly*, 550 U.S. 544, 554-55, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (reviewing a 12(b)(6) motion); *Hughes v. Tobacco Inst.*, 278 F.3d 417, 420 (5th Cir. 2001). However, the Court is not required to accept conclusory legal allegations cast in the form of factual allegations if they cannot be reasonably drawn from the facts alleged. *Id.* at 570.

To survive a motion to dismiss, a "complaint must contain sufficient factual matter, taken as true, to state a claim for relief that is plausible on its face." *Twombly* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. However, a "complaint must allege more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

The factual allegations within a complaint, whether direct or inferred, must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To meet the appropriate standard of plausibility there must be enough facts within a complaint "to

raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert*, 335 Fed. App'x 446, 469 (5th Cir. 2009). This evaluation is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

## II. Wrongful Foreclosure Claim

In his Complaint, Filgueira asserts a claim of wrongful foreclosure on the basis of a challenge to US Bank's standing to foreclose, and allegations of insufficient notice and documentation of delinquency and acceleration of the Loan.[21] Under Texas law, to state a valid claim for wrongful foreclosure a plaintiff must allege: (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price. *See Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010) (J. Rosenthal). None of the elements of a wrongful foreclosure claim can be met without the occurrence of a foreclosure sale. However, no foreclosure sale occurred in this case, and there is no such allegation in the Complaint.[22] Because Texas law does not recognize a cause of action for attempted foreclosure, this claim fails as a matter of law and should be dismissed. *Henry v. Chase Home Fin., LLC*, 2011 WL 6057505, at *5 (S.D. Tex. Dec. 6, 2011); *see, e.g. Ramming v. JP Morgan Chase Bank, N.A.*, No. H-10-5011, 2012 WL 1122791, at *3 n.3 (S.D. Tex. Apr. 3, 2012); *Port City State Bank v. Leyco Const. Co., Inc.*, 561 S.W.2d 546, 547 (Tex. Civ. App.–Beaumont 1978) (because recovery is based on the lack of possession of real

---

[21] Dkt. 1-4, p.9 ¶9.
[22] Dkt. 1-4.

property, individuals who do not lose possession cannot recover on a theory of wrongful foreclosure).

Even if a foreclosure sale had occurred, Filgueira's allegations do not substantiate a valid claim for wrongful foreclosure. In order for a wrongful foreclosure claim to have merit, there must not only have been a foreclosure sale but also some defect in the foreclosure proceedings that caused an inadequate sale price. *Motten v. Chase Home Fin.*, No. H-10-4994, 2011 WL 2566092, at *1, *3 (S.D. Tex. June 28, 2011). Filgueira fails to assert any viable allegations of such a defect.

In support of his wrongful foreclosure claim, Filgueira first challenges whether US Bank holds the note.[23] However, the recorded assignment of the deed of trust from Homecomings Financial to US Bank, and the corresponding allonge to the promissory note, demonstrate the transfer of the deed of trust to US Bank.[24] *Salvagio v. Madison Realty Corp.*, No. H-11-2183, 2011 WL 2559371, at *1, *7 (S.D. Tex June 27, 2011) ("the statements in the 'assignment of the deed of trust' … are reliable evidence that Madison indorsed the Note to CapitalSource"); *Cole v. Federal Home Loan Mortg. Corp.*, No. 3:11-CV-1833-M-BK, 2012 WL 555194, at *1, *2 (N.D. Tex. January 23, 2012) ("MERS subsequently executed an assignment of the Deed of Trust to BAC … thereby granting BAC the power to foreclose on the property."); *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010) (J. Rosenthal, "the ability to foreclose on a deed of trust is transferred when the note is transferred."). Additionally,

---

[23] Dkt. 1-4, p. 9, ¶9.
[24] Dkt. 7-1, p. 5.

7

the provisions of the promissory note signed by Filgueira specifically inform him that "the note may be sold without prior notice to Borrower."[25] Accordingly, Filgueira's challenge to US Bank's standing as holder of the note is therefore meritless and fails to support a claim of wrongful foreclosure, even if a foreclosure sale had occurred.

Filgueira's next assertion is that Defendants failed to provide him requested documentation, including notice of deficiency and acceleration. However, both US Bank and GMAC followed the provisions in the promissory note signed by Filgueira,[26] and the provisions within Texas Property Code section 51.002,[27] which contain specific requirements for the nature, order, and procedure for sending notices. Texas law requires that: a mortgage servicer "shall serve a debtor in default under a deed of trust … with written notice by certified mail stating that the debtor is in default under the deed of trust … and giving the debtor at least 20 days to cure the default before notice of sale can be given."[28] Additionally, "service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtors last known address."[29] The promissory note signed by Filgueira also informed him that all notices were to be deemed given to the Borrower "when mailed by first class mail or when actually delivered to Borrowers notice address."[30] The note detailed that the borrower's address is considered to be "the

---

[25] Dkt. 7-2, p. 13, ¶20.
[26] Dkt. 7-2, p. 12, ¶15.
[27] TEX. PROP. CODE ANN. §51.002(b)-(e) (2012).
[28] TEX. PROP. CODE ANN §51.002 (d).
[29] TEX. PROP. CODE ANN. §51.002 (e).
[30] Dkt. 7-2, p. 12, ¶15.

Property address unless the Borrower has designated a substitute notice address by notice to Lender."[31] Accordingly, Defendants' exhibits show three delinquency notices and a notice of acceleration sent by certified first class mail to the Borrower's Property address, replete with information on the default, opportunities to dispute the debt, and modify or reinstate the Loan.[32] The latest of the delinquency notices was sent more than 7 months before the notice of acceleration, far surpassing the 20 days required by law.

Furthermore, Filgueira's assertion that he did not receive any communication or notice from GMAC is irrelevant. Service of notice was complete upon the mailing of the notices. *See Clark v. F.D.I.C.*, CIV.A H-09-3924, 2011 WL 2709062 (S.D. Tex. July 6, 2011). Since the Defendants followed the appropriate procedures for sending notices, Filgueira was adequately notified as required by law and any allegations that he failed to receive the notices are irrelevant. Accordingly, Filgueira's assertions that the Defendants failed to properly notify him of the default and acceleration of the Loan are insufficient to support a claim of wrongful foreclosure.

### III. Other Claims Alleged in Filgueira's Response

In his pleadings, and in person during the hearing on Defendants' motion, Filgueira has sought to blame any deficiency in his Complaint on his previous counsel and sought leave of the Court to amend his Petition. To that end, Filgueira's Response to Defendants' motion discusses at length several hypothetical claims that he might seek to add to his Complaint, including a trespass to try title and quiet title claim, a breach of

---

[31] Dkt. 7-2, p. 12, ¶15.
[32] Dkt. 7-5-7.

contract claim, a Texas Deceptive Trade Practices Act claim, and a Federal Debt Collection Practices Act claim. Filgueira did not, however, attach any such proposed Amended Complaint for the Court's review.

On July 10, 2012, a scheduling order was put in place for this lawsuit.[33] That order set the deadline for motions to amend pleadings as September 10, 2012. As was pointed out during the hearing to Filgueira, his counsel sought permission to withdraw well before that time—he was granted permission to withdraw from the case on August 14, 2012, and the hearing on Defendants' motion did not take place until October 10, 2012. Further, Filgueira received a copy of his counsel's motion to withdraw,[34] and did not file any opposition to it. Other than filing the Response to Defendants' Motion, Filgueira took no other action to amend his allegations, such as filing a timely motion to amend his complaint, or drafting a proposed amended complaint. Filgueira had ample time prior to the deadline to seek the Court's leave to amend his pleadings. Accordingly, his motion for leave to do so after the deadline is denied as untimely and because, as discussed above, it would be futile—Filgueira does not allege any new facts other than those discussed above, and he instead merely provides a laundry list of claims with the allegation that his previously pled facts establish his right to assert that claim. *See Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (leave to amend may be denied if amendment would be futile). Further, such an amendment would unduly prejudice Defendants by allowing Filgueira to "lay behind the log" and

---

[33] Dkt. 14.
[34] Dkt. 16, pg. 5.

then raise wholly new causes of action after the deadline for amending pleadings had passed.

## CONCLUSION

Filgueira's wrongful foreclosure claim wholly fails as a matter of law because the allegations within Filgueira's Complaint are insufficient to support a valid claim for wrongful foreclosure. Similarly, Filgueira's request for injunctive relief also fails because the only substantive legal claim in his Complaint fails as a matter of law. *DSC Comm'cns Corp. v. DGI Techs., Inc.*, 81 F.3d 597,600 (5th Cir. 1996) ("The dismissal of plaintiff's substantive claims warrants dismissal of his request for injunctive relief as well"). Further, Filgueira's request for leave to amend his pleadings is denied as untimely, futile, and prejudicial to Defendants.

Accordingly, there is no issue of material fact in this matter and Defendants are entitled to judgment on the merits as a matter of law. Therefore, this Court **GRANTS** US Bank and GMAC's motion for judgment on the pleadings for failure to state a claim and **ORDERS that** Filgueira's claims be **DIMSISSED.**

**SIGNED** AT **HOUSTON, TEXAS**, on January 9, 2013.

_____
GEORGE C. HANKS, JR.
UNITED STATES MAGISTRATE JUDGE